# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELLA BATES, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 17-CV-1092-SMY-GCS |
| | ) |
| NAUTILUS, INC., and WAL-MART STORES, INC., | ) ) ) |
| | ) |
|       **Defendants.** | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge**

Pending before the Court is Defendant, Nautilus, Inc.'s Motion to Dismiss for Lack of Prosecution (Doc 63). For the following reasons, Defendant's Motion is **GRANTED**.

### Background

According to the Complaint (Doc. 1-1), Plaintiff Della Bates received a Bowflex TC10 TreadClimber ("Bowflex") from Nautilus Inc. ("Nautilus") on March 10, 2014, which Nautilus replaced due to defects in January 2016. In March 2016, Plaintiff attempted to use her Bowflex when it suddenly stopped or jammed, causing her to injure her knees, neck, shoulders, and upper extremities. *Id*. Plaintiff filed this personal injury and products liability action in St. Clair County, Illinois Circuit Court on September 6, 2017. Nautilus removed the case to this Court on October 11, 2017.

Plaintiff's first attorney filed a motion to withdraw which was granted on June 25, 2018 (Doc 31). On August 2, 2018, a second attorney entered an appearance on Plaintiff's behalf, and on August 23, 2018, a third attorney entered an appearance on her behalf (Doc 42). Plaintiff's new attorneys moved to withdraw on December 14, 2018 (Doc 47). A hearing was held on the Motion

to Withdraw on January 22, 2019, during which the Motion was granted and Plaintiff elected to proceed *pro se* (Doc. 61). Also during the hearing, the Court admonished Plaintiff of her duty to participate in discovery and to abide by the Federal Rules of Civil Procedure, and warned her that the failure to do so could result in sanctions, including dismissal. *Id.* By Order entered on March 5, 2019, the Court again reminded Plaintiff that she must participate in discovery and follow the Federal Rules of Civil procedure (Doc 73). As of this date, Plaintiff has failed to comply with court-ordered discovery.

## Discussion

Federal Rule of Civil Procedure 41(b) provides for the involuntary dismissal of an action for failure to prosecute or comply with court orders. Dismissal for want of prosecution is a harsh sanction that should be used only when there is a clear record of delay or contumacious conduct or less drastic sanctions have been unavailing, *Gabriel v. Hamlin,* 514 F. 3d 734, 736 (7th Cir. 2008).

Here, Plaintiff has ignored multiple discovery requests and court orders. While the Court is cognizant of Plaintiff's *pro se* status and typically grants more leniency to individuals representing themselves, it cannot neglect the rights of the defendant. In that vein, Plaintiff's conduct in this case has delayed this litigation for almost two years. Under these circumstances, a voluntary dismissal without prejudice, as Plaintiff requests (see, Doc. 75), would be inappropriate and highly prejudicial to Defendant. Therefore, dismissal is warranted under rules 37 and 41(b).

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. This action is hereby **DISMISSED with prejudice** for want of prosecution. All pending motions are **DENIED as MOOT**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Nautilus,

Inc. and against Plaintiff.

**IT IS SO ORDERED.**

**DATED:  June 6, 2019**

                                                                                             _____
                                                                                             **STACI M. YANDLE**
**United States District Judge**